UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALAN RUBEN ALVAREZ,                                  :

           Petitioner,                           :       15 Civ. 9122 (RA) (AJP)

      -against-                                      :       **REPORT & RECOMMENDATION**

CHRISTOPHER SHANAHAN, et al.,                        :

           Respondents.                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Ronnie Abrams, United States District Judge:**

        Pro se petitioner Alan Ruben Alvarez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 from his April 28, 2015 detention by the United States Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE").  (Dkt. No. 1: Pet. ¶ 1.)  Alvarez is detained pursuant to Section 236(c) of the Immigration and Nationality Act ("INA") (codified at 8 U.S.C. § 1226), which requires DHS to detain aliens who have committed certain crimes.  Alvarez' petition asserts that at his bond hearing the Immigration Judge failed to appropriately exercise his authority to release Alvarez on conditional parole, and that his continued detention without consideration of non-monetary conditions of release violates 8 U.S.C. § 1226(a)(2)(b).  (Pet. ¶¶ 1-2.)  For the reasons set forth below, Alvarez' habeas petition should be DENIED.

## FACTS

### Background

        Alvarez, a native and citizen of Peru, was admitted to the United States as a

conditional lawful permanent resident in 1997, and his conditional status was lifted in 1999. (Dkt. No. 7: Gov't Return Ex. 1: Notice to Appear at 3.) Since that time, Alvarez has been convicted of several crimes. (Id.; id. Ex. 2: Alvarez Criminal History.) In 2005, Alvarez was convicted in Nassau County Court of larceny and sentenced to three years of probation. (Alvarez Criminal History at 11-12.) In 2010, Alvarez was convicted in Nassau County Court of the felony of fourth degree criminal sale of a controlled substance, and sentenced to one year of imprisonment. (Id. at 6-7.) In 2014, Alvarez was convicted in Nassau County Court of two counts of larceny, and sentenced to 90 days of imprisonment for each. (Id. at 4-6.) (See generally Notice to Appear at 3.) On the basis of these four convictions, DHS served Alvarez on January 12, 2015 with a Notice to Appear. (Notice to Appear at 3-4.)[1/] The Notice to Appear charged that Alvarez was removable subject to INA § 237(a)(2)(A)(iii), for conviction of an aggravated felony; INA § 237(a)(2)(B)(i), for a conviction related to a controlled substance; and INA § 237(a)(2)(A)(ii), for conviction of two crimes involving moral turpitude. (Notice to Appear at 3-4.) On April 28, 2015, DHS determined that Alvarez was subject to mandatory detention under INA § 236(c), codified at 8 U.S.C. § 1226(c). (Gov't Return Ex. 3: Notice of Custody at 2.)

**Alvarez' Lora Hearing**

In accordance with the Second Circuit's instruction in Lora v. Shanahan, 804 F.3d 601 (2d Cir. 2015), Alvarez had a bond hearing on November 10, 2015. (Dkt. No. 7: Gov't Return Ex. 4: 10/10/15 Hr'g Tr.) At the bond hearing, represented by Legal Aid, Alvarez requested conditional release to a drug rehabilitation program. (10/10/15 Hr'g Tr. 10-11.) Government counsel opined that the Court could suggest a drug rehabilitation program but might not be able to

---

[1/]   On April 19, 2015, Alvarez was arrested for third degree assault; that charge is pending. (Alvarez Criminal History at 3-4.)

compel it.  (10/10/15 Hr'g Tr. 11-12.)  The following colloquy occurred:

>MS. SALAZAR
>[LEGAL AID]: . . . [W]e believe that . . . the definition of a bond is expansive and under <u>Lora</u> the judge does have the power to grant a conditional release to a rehab program. . . .
>
>THE COURT: Where do you see the <u>Lora</u> decision giving me the authority to send someone to a rehab program?
>
>MS. SALAZAR: It's in the definition of custody.  It doesn't go into that specifically but I'm happy to brief the issue.
>
>THE COURT: I don't need briefing.
>
>MS. SALAZAR: I guess I would ask the Court if it has a position on whether granting relief to a drug rehab program is within its power, and if it is, whether we might adjourn this hearing for us to put that in place and to get the Government's position on that.
>
>THE COURT: I think -- what's the Government's position on that?
>
>MR. McFARLAND
>[GOV'T COUNSEL]: Judge, my thought, I don't have a formal position on it in terms of something that the Department has specifically told me to represent before the Court.  My thought is that the Court is likely to be able to suggest such a thing.  I don't know if the court can order it and compel Enforcement and Removal Operations to act on it.
>
>THE COURT: Yes.  I mean these are removal proceedings, not probation or parole proceedings.  My reading of the <u>Lora</u> decision is basically to hold a bond hearing where appropriate, due process reasons, and we're certainly at that point.  And that the court says that the detainee must be admitted bail unless the Government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community.  And at this point, frankly, I agree with the Government.  I think he's both.  He's got a significant criminal record. . . .  But he's tried rehab once, it didn't work . . .

(10/10/15 Hr'g Tr. 11-12.)  The Immigration Judge further noted that Alvarez had "very recent convictions," a "horrible drug addiction," and recently had been arrested for an act of violence.

4

(10/10/15 Hr'g Tr. 12-13.)  Finding that "[t]he Government has met their burden.  I see him as a danger to the community," the Immigration Judge denied bond.  (10/10/15 Hr'g Tr. 13.)

**Alvarez' Appeal**

On December 8, 2015, still represented by Legal Aid, Alvarez appealed the November 10, 2015 bond decision to the Board of Immigration Appeals ("BIA").  (Gov't Return Ex. 5: 12/8/15 Notice of Appeal.)  Alvarez provided two reasons for his appeal: (1) "The Immigration Judge erred in finding that he lacked authority to grant [Alvarez] conditional parole"; and (2) DHS failed to prove "by clear and convincing evidence that [Alvarez] is such a danger to the community and a flight risk that he should be given no bond. . . . so the IJ's decision is clearly erroneous."  (12/8/15 Notice of Appeal at 2, 4.)  Alvarez' BIA appeal is pending.  (Dkt. No. 6: Gov't Br. at 5.)

## ANALYSIS

### THE COURT LACKS JURISDICTION TO REVIEW DISCRETIONARY BOND DETERMINATIONS

Alvarez asserts that the Immigration Judge's decision to continue his detention "without even considering whether non-monetary conditions of release would be sufficient to mitigate any flight risk or danger, on the grounds that he lacks authority to order such conditional release, directly conflicts" with the language of 8 U.S.C. § 1226(a). (Dkt. No. 1: Pet. ¶ 14.)  Alvarez is mistaken in that he is not detained pursuant to 8 U.S.C. § 1226(a), but rather, based on his criminal convictions, is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  (See page 2 above.)  In relevant part, the mandatory detention provision of § 1226(c) provides:

> The Attorney General shall take into custody any alien who–
>
>> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>>
>> (B) is deportable by reason of having committed any offense covered in

>> section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
>> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
>> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

> The Second Circuit recently held that
>
>> in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to section 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention. . . . [W]e also hold that the detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community.

Lora v. Shanahan, 804 F.3d 601, 616 (2d Cir. 2015). In accordance with the Second Circuit's instruction in Lora, Alvarez' bail hearing was held on November 10, 2015. (See page 2 above.) The Immigration Judge did not, as Alvarez contends, fail to consider releasing Alvarez on conditional parole (i.e., to a drug rehabilitation program). (Pet. ¶ 14; Pet. Prayer for Relief ¶ 2.) Instead, the Immigration Judge found that Alvarez had previously undergone a drug rehabilitation program and relapsed, and that the government met its burden of establishing by clear and convincing evidence that Alvarez was a danger to the community and should be denied bond. (See pages 3-4 above.)

Federal court review of an Immigration Judge's discretionary decision to grant, revoke, or deny bond is limited to constitutional claims and legal error. See 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); see also, e.g.,

Bugianishvili v. McConnell, 15 Civ. 3360, 2015 WL 3903460 at *3 (S.D.N.Y. June 24, 2015) ("The INA bars federal courts from reviewing challenges to an IJ's discretionary decision regarding detention and bond."); Hassan v. Holder, 11 Civ. 7157, 2014 WL 1492479 at *9 (S.D.N.Y. Apr. 15, 2014) ("the Attorney General's bond determination was a discretionary decision as to which Section 1226(e) precludes judicial review."); Hamilton v. Shanahan, 09 Civ. 6869, 2009 WL 5173927 at *3 (S.D.N.Y. Dec. 30, 2009) ("Accordingly, this Court lacks jurisdiction over [the] Petition to the extent it asks the Court to review the weight that the IJ or BIA assigned the evidence or any other discretionary determinations the IJ or BIA made, including the determination that [petitioner] must be detained pending a decision on whether he should be removed.").  While Alvarez frames his petition as a challenge to the Immigration Judge's view of his authority to grant conditional parole, the facts are to the contrary – the Immigration Judge considered and rejected any bail, including parole to rehab, finding that Alvarez was a danger to the community.  (See pages 3-4 above.)  Thus, Alvarez in reality seeks review of the Immigration Judge's discretionary bond decision, and as he has not raised a constitutional challenge to the statutory framework that permits his continued detention, the Court lacks jurisdiction to review his petition.  Compare, e.g., Miller v. Decker, 15 Civ. 471, 2015 WL 1433276 at *2 (S.D.N.Y. Mar. 30, 2015); Reynoso v. Aviles, 87 F. Supp. 3d 549, 552 (S.D.N.Y. 2015).

## CONCLUSION

For the reasons set forth above, Alvarez' habeas petition should be DENIED.[2]

---

[2]  If Alvarez requires copies of any of the cases reported only in Westlaw, he should request copies from opposing counsel.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

7

## **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams 40 Foley Square, Room 2203, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for an extension of time for filing objections must be directed to Judge Abrams (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        March 7, 2016

Respectfully submitted,

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies:  Alvarez (mail)
         Counsel (ECF)
         Judge Abrams (ECF)