USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/07/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALAN RUBEN ALVAREZ,

                Petitioner,

v.

CHRISTOPHER SHANAHAN, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement, *et al.*,

                Respondents.

No. 15-CV-9122 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On November 19, 2015, Petitioner Alan Ruben Alvarez, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus ("Petition"). He seeks to compel Respondents, pursuant to *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015), to "provide Petitioner with a bond hearing before the [i]mmigration [c]ourt, at which the [i]mmigration [j]udge is required to exercise his authority pursuant to 8 U.S.C. § 1226(a)(2)(B) to consider releasing Petitioner on conditional parole" so that he can participate in a drug rehabilitation program. Pet. at 6. In his Report & Recommendation ("Report"), Magistrate Judge Peck recommended that the Petition be denied. Dkt. 10. Petitioner objected to the Report (the "Objections"), and Respondents opposed the Objections.

The Court hereby adopts the Report's conclusion and denies the Petition. In so doing, the Court assumes the parties' familiarity with the facts, which are reiterated below only where relevant to the Court's analysis.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "To the extent that the objecting party makes only conclusory or general arguments, or simply reiterates the original arguments, however, the Court will review the [report and recommendation] strictly for clear error." *Quintana v. Lee*, No. 12-CV-3204 (PGG), 2016 WL 2755918, at *3 (S.D.N.Y. May 11, 2016) (internal alterations omitted).

"Objections of parties appearing *pro se* are 'generally accorded leniency' and construed to 'raise the strongest arguments that they suggest.'" *Mack v. Lavalley*, No. 13-CV-8194 (GHW), 2016 WL 3077877, at *1 (S.D.N.Y. May 31, 2016) (quoting *Milano v. Astrue*, No. 05-CV-6527 (KMW), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). Even *pro se* objections, however, "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Services*, No. 06-CV-5023 (LTS), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (S.D.N.Y. 1992)).

## DISCUSSION

The Report recommends denying the Petition on the grounds that Petitioner already received a *Lora* hearing on November 10, 2015 and that, although "frame[d] . . . as a challenge to the Immigration Judge's view of his authority to grant conditional parole, the facts are to the contrary." Rep. at 6. Since Petitioner became a lawful permanent resident in 1999, he has been convicted of four crimes: three counts of larceny and one count of narcotics distribution. *See id.*

2

at 2. The government initiated removal proceedings against Petitioner based on these convictions, and the Department of Homeland Security determined that he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). *See id.* At the ensuing *Lora* hearing, the Immigration Judge, citing Petitioner's criminal history, found that the Government presented clear and convincing evidence that Petitioner posed a risk of flight and danger to the community, justifying his continued detention. *See id.* at 3–4.[1] The Report accordingly concludes that Petitioner "in reality seeks review of the Immigration Judge's *discretionary* bond decision," which "the Court lacks jurisdiction to review." *Id.* at 6 (emphasis in original).

In his Objections, Petitioner "does not dispute the immigration judge's power to make discretionary bond determinations or that such decisions, when made within the bounds of law, are not reviewable in the [d]istrict [c]ourt." Obj. at 2. Petitioner argues, however, that the Immigration Judge committed legal error at his *Lora* hearing in that he "ruled solely on whether he would order Petitioner's release on bond" and "did not understand that he had the power to parole Petitioner on the condition that he attend a restrictive rehabilitative program." *Id.* According to Petitioner, "as a matter of Due Process and statutory interpretation, *Lora* must be interpreted as standing for the proposition that once six months have elapsed, the detainee [h]as the right to avail himself of the general bond provisions of 8 U.S.C. § 1[2]26(a)," which authorizes conditional parole. *Id.* at 4.

In *Lora*, the Second Circuit held that "an immigrant detained pursuant to [§] 1226(c) must be afforded a bail hearing before an immigration judge within six months of his or her detention"

---

[1] At the *Lora* hearing, the Government also argued that Petitioner's history of bench warrants made him a flight risk. *See* Resp'ts' Mem. Opp. Pet. (Dkt. 7), Ex. 4 at 9. The Immigration Judge did not explicitly rely on the bench warrants at the *Lora* hearing, but did in his subsequent written opinion denying Petitioner's request for release. *See* Obj. Ex. A at 2 ("[Petitioner] has a lengthy criminal record and has had three bench warrants issued against him for failure to appear.").

3

and that "the detainee must be admitted to bail unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community." 804 F.3d at 616. *Lora* does not discuss whether or not "bail" in this context includes conditional parole, and the Court is not aware of a case within the Second Circuit that has addressed the issue since *Lora*.[2]

Even accepting Petitioner's argument that *Lora* authorizes immigration judges to release aliens detained pursuant to § 1226(c) on conditional parole, however, the Petition must nonetheless be denied. The immigration judge found at both the *Lora* hearing and in his written opinion—which was not part of the record before Judge Peck—that the Government established by clear and convincing evidence that Petitioner posed a risk of flight and danger to the community. *See* Rep. at 3 (quoting *Lora* hearing); Obj. Ex. A at 3 ("[T]he facts before the Court . . . cause the Court to conclude that the government met its burden of proof by clear and convincing evidence that [Petitioner] is a flight risk and a danger to the community."). In making that determination, the immigration judge relied on Petitioner's convictions for larceny and narcotics distribution and his history of bench warrants. *See* Rep. at 3; Obj. Ex. A at 2–3. Pursuant to *Lora*, a "detainee must be admitted to bail *unless the government establishes by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community.*" 804 F.3d at 616 (emphasis added); *cf. Rodriguez v. Robbins*, 715 F.3d 1127, 1135 (9th Cir. 2013) (applying "clear and convincing evidence" standard to hearings for immigrants detained pursuant to § 1226(a)). In light of the immigration judge's conclusion that the Government met this burden of proof, any error committed was harmless. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008)

---

[2] In his written opinion, the immigration judge noted in a footnote that Petitioner "asked the Court, pursuant to *Lora*, [to] grant him conditional release," but that "[t]he Court declined to find that authority in *Lora*." Obj. Ex. A. at 3 n.2. Petitioner argues this written opinion "shows that the immigration judge misunderstood [*Lora*], [§ 1226], and his own power to order Petitioner's conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B)." Obj. at 1.

4

("Parties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004))).

## CONCLUSION

The Court agrees with the conclusion Magistrate Judge Peck set forth in the Report & Recommendation and thus denies Petitioner's Petition for Writ of Habeas Corpus. Petitioner may challenge the immigration judge's finding that the Government presented clear and convincing evidence that Petitioner posed a risk of flight and danger to the community, but such a challenge is properly raised with the Board of Immigration Appeals and not with this Court. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: June 7, 2016
New York, New York

Ronnie Abrams
United States District Judge